UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
RECEIPT #  60999cc
AMOUNT $  150
SUMMONS ISSUED  Y - 4
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK.  m
DATE  12-22-04
```

| | |
|---|---|
| GUSTAVO LEAL GUERRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. _____ |
| ) | |
| CLEANCO MAINTENANCE CORP., ) | JURY TRIAL DEMANDED |
| J.L.D. CLEANING SERVICES, INC. ) | |
| ROBERT LEONE, and DEBORAH J. ) | |
| HOLT ) | |
| ) | |
| Defendants. ) | |

04 12685 PBS

MAGISTRATE JUDGE Collings

## COMPLAINT

1. Plaintiff Gustavo Leal Guerra ("Guerra") brings this action to recover unpaid wages for work he performed for Defendants, Cleanco Maintenance Corp., J.L.D. Cleaning Services, Inc., Robert Leone, and Deborah J. Holt (collectively referred to herein as "Defendants"). During the time period discussed herein, Guerra regularly worked over forty hours per week and did not receive overtime compensation. In some cases, Guerra worked as many as 80 hours in a week and did not receive any overtime compensation.

2. Defendants' failure to pay overtime compensation to Plaintiff was the result of a deliberate scheme to engage in illegal conduct. Defendants operated as a single or joint employer of Guerrra under the wage and hour laws of both the Fair Labor Standards Act and Massachusetts, but issued multiple paychecks to Guerra – each check for 40 work hours per week or less. By refusing to issue a single paycheck for all hours worked in a workweek, Defendants sought to conceal their

unlawful conduct of refusing to pay time and one half Guerra's regular rate of pay for all hours worked over forty in a workweek.

3. Defendants' scheme not only created a mechanism to avoid compliance with the overtime pay requirements of state and federal law. The scheme also allowed Defendants to conceal a significant portion of their workforce from the union which represents Defendants' employees. This practice, known as "double-breasting", was in direct violation of the collective bargaining agreement reached with the union. The collective bargaining agreement was negotiated and agreed to by a large group of employers acting in concert, including Defendants. Each of those employers provide similar janitorial and maintenance services to businesses operating throughout Massachusetts.

4. Defendants' violations of the state and federal wage and hour laws were intentional, and part of a widespread pattern and practice engaged in by Defendants affecting numerous other employees.

5. Plaintiff seeks damages in an amount to be determined at trial, as well as other relief, for the conduct complained of herein.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§207 and 216(b).

7. Defendants' have their principal place of business in this district, and are therefore subject to personal jurisdiction here.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this district and are subject to personal jurisdiction in this district.

9.  This Court has jurisdiction over Counts II and III of this Complaint pursuant to 28 U.S.C. §1367(a).

**Parties**

10. Plaintiff Guerra is a resident of East Boston, Massachusetts. Guerra worked for the Defendants between approximately June of 2003 and September of 2004 ("Relevant Time Period").

11. Defendant Cleanco Maintenance Corp. ("Cleanco") is a corporation organized under the laws of Massachusetts with its principal place of business located in Watertown, Massachusetts.

12. Defendant J.L.D. Cleaning Services, Inc.("JLD") is a corporation organized under the laws of Massachusetts with its principal place of business located in Ashland, Massachusetts.

13. Defendant Robert Leone ("Leone") is the President, Treasurer, and Secretary of Cleanco Maintenance Corp. and resides in Ashland, Massachusetts.

14. Defendant Deborah J. Holt ("Holt") is the President, Treasurer and Secretary of J.L.D. Cleaning Services, Inc. and resides in Watertown, Massachusetts.

15. Defendants, acting under the name of Defendant Cleanco Maintenance Corp., contracted with numerous businesses in Massachusetts to provide janitorial and maintenance services for buildings housing a variety of businesses engaged in interstate commerce.

16. Defendants regularly transacted business in this district during the Relevant Time Period.

17. During the Relevant Time Period, Defendants acted as a joint or single employer of Plaintiff and were an enterprise engaged in commerce as defined by the Fair Labor Standards Act ("FLSA") and administrative regulations interpreting the FLSA. Similarly, Defendants were an

employer subject to the Massachusetts wage and hour laws and administrative regulations interpreting those laws, specifically including the laws referenced in Counts II and III of this Complaint.

18.     Accordingly, Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by those laws.

### **Factual Allegations**

19.     Plaintiff Guerra performed janitorial services for the Defendants.

20.     Plaintiff filled out only one job application in order to perform janitorial services for the Defendants during the Relevant Time Period.

21.     Plaintiff wore a Cleanco uniform when performing those janitorial services during the Relevant Time Period.

22.     At all times during the Relevant Time Period, Guerra reported directly or indirectly to Defendant Leone.

23.     Plaintiff received paychecks issued by JLD and Holt at the same time and at the same location as he received paychecks from Cleanco.

24.     During much of the Relevant Time Period, Plaintiff performed janitorial services at the Saint Peter School ("Saint Peter") in Cambridge, Massachusetts. Although Saint Peter contracted with Cleanco and Leone for the provision of janitorial services, many of Plaintiff's paychecks were issued by Defendant JLD and Holt during this time period.

25.     Plaintiff was not a salaried employee.

26.     Plaintiff regularly did not receive time and one half his regular rate of pay when he worked more than forty hours in a workweek.

27. Plaintiff was never paid all wages due to him within seven days of the termination of the pay period during which those wages were earned.

28. To this day, Plaintiff has not been paid all wages he is owed for hours worked during the Relevant Time Period.

29. Plaintiff has not received any wages for hours worked in the final weeks of his employment.

30. In addition, on several days during the Relevant Time Period, Plaintiff was not paid any wages for the time spent traveling to and from locations where the janitorial services were performed after reporting for work at a central location, or returning to that central location, as required by Defendants.

## Count I – Fair Labor Standards Act Claim

31. Plaintiff re-alleges and incorporates by reference the above allegations.

32. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation at time and one half his regularly hourly rate for hours worked in excess of forty hours during a workweek.

33. The Defendants' violations of 29 U.S.C. §207(a) were repeated, willful, and intentional.

34. Plaintiff has been damaged by said violations of 29 U.S.C. §207(a).

35. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

### Count II – Massachusetts Overtime Law Claim

36. Plaintiff re-alleges and incorporates by reference the above allegations.

37. Defendants violated M.G.L. c. 151, §§ 1A and 1B by failing to pay Plaintiff overtime compensation at time and one half his regular hourly rate, for all hours worked in excess of forty during any workweek.

38. Plaintiff has been damaged by said violations of M.G.L. c. 151, §§ 1A and 1B.

39. The Defendants' violations of M.G.L. c. 151, §§151 1A and 1B were repeated, willful, and intentional.

40. Pursuant to M.G.L. c. 151, §§151 1A and 1B, Defendants are liable to the Plaintiff for treble damages, plus costs and reasonable attorneys' fees.

### Count III

41. Plaintiff re-alleges and incorporates by reference the above allegations.

42. Pursuant to M.G.L. c. 149, §150, the Attorney General of Massachusetts has assented in writing to the commencement of this Count by letter dated December 10, 2004.

43. The Defendants violated M.G.L. c. 149, §148 by failing to pay Plaintiff all wages earned within seven days of the termination of the pay period in which those wages were earned.

44. The Defendants' violations of M.G.L. c. 149, §148 were repeated, willful, and intentional.

45. Plaintiff has been damaged by said violations of M.G.L. c. 149, §148.

46. Pursuant to M.G.L. c. 149, §150 and §148, Defendants are liable for treble damages plus costs and reasonable attorneys' fees.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA, and award those damages against the Defendants in favor of Plaintiff, plus an additional equal amount as liquidated damages;

B.  Determine the damages sustained by Plaintiff as a result of Defendants' violations of M.G.L. c. 151 §§1A and 1B, and award those damages against the Defendants in favor of Plaintiff, including treble damages for uncompensated overtime and prejudgment interest;

C.  Determine the damages sustained by Plaintiff as a result of the Defendants' violations of M.G.L. c. 149, §148, and award those damages against the Defendants in favor of Plaintiff, including treble damages and prejudgment interest;

D.  Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses; and

E.  Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

By his Attorneys,

*Todd S. Heyman*

Todd S. Heyman (BBO # 643804)
Lara Sutherlin (BBO # 651267)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
617-439-3939

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Gustavo Leal Guerra

**DEFENDANTS**

Cleanco Maintenance Corp,
JLD Cleaning Services, Inc.
Robert Leone
Deborah J. Holt

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Todd Heyman
Lara S. Therlin
Shapiro Haber & Urmy LLP
53 State St
Boston MA 02109
617-439-3939

ATTORNEYS (IF KNOWN)

04 12685 PBS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. 207, Fair Labor Standards Act, Plaintiff seeks to recover unpaid overtime wages.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ Damages to be determined at trial.   CHECK YES only if demanded in complaint:   JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  12/22/04

SIGNATURE OF ATTORNEY OF RECORD  Todd S. H___

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Guerra v Cleanco Maintenance Corp.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   **04  12685  PBS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Todd S. Heyman__
ADDRESS __53 State St. 37th Floor Boston MA 02109__
TELEPHONE NO. __617-439-3939__

(Coversheetlocal.wpd - 10/17/02)