UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUSTAVO LEAL GUERRA,<br><br>    Plaintiff,<br><br>v.<br><br>CLEANCO MAINTENANCE CORP.,<br>J.L.D. CLEANING SERVICES, INC.<br>ROBERT LEONE, and DEBORAH<br>LEONE,<br><br>    Defendants. | Civ. A. No. 04-12685-PBS<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

1.    Plaintiff Gustavo Leal Guerra ("Guerra") brings this action to recover unpaid wages for work he performed for Defendants, Cleanco Maintenance Corp., J.L.D. Cleaning Services, Inc., Robert Leone, and Deborah Leone (collectively referred to herein as "Defendants"). During the time period discussed herein, Guerra regularly worked over forty hours per week and did not receive overtime compensation. In some cases, Guerra worked as many as 80 hours in a week and did not receive any overtime compensation.

2.    Defendants' failure to pay overtime compensation to Plaintiff was the result of a deliberate scheme to engage in illegal conduct. Defendants operated as a single or joint employer of Guerrra under the wage and hour laws of both the Fair Labor Standards Act and Massachusetts, but issued multiple paychecks to Guerra – each check for 40 work hours per week or less. By refusing to issue a single paycheck for all hours worked in a workweek, Defendants sought to conceal their

unlawful conduct of refusing to pay time and one half Guerra's regular rate of pay for all hours worked over forty in a workweek.

3. Defendants' scheme not only created a mechanism to avoid compliance with the overtime pay requirements of state and federal law. The scheme also allowed Defendants to conceal a significant portion of their workforce from the union which represents Defendants' employees. This practice, known as "double-breasting", was in direct violation of the collective bargaining agreement reached with the union. The collective bargaining agreement was negotiated and agreed to by a large group of employers acting in concert, including Defendants. Each of those employers provide similar janitorial and maintenance services to businesses operating throughout Massachusetts.

4. Defendants' violations of the state and federal wage and hour laws were intentional, and part of a widespread pattern and practice engaged in by Defendants affecting numerous other employees.

5. Plaintiff seeks damages in an amount to be determined at trial, as well as other relief, for the conduct complained of herein.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§207 and 216(b).

7. Defendants' have their principal place of business in this district, and are therefore subject to personal jurisdiction here.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this district and are subject to personal jurisdiction in this district.

9. This Court has jurisdiction over Counts II and III of this Complaint pursuant to 28 U.S.C. §1367(a).

### Parties

10. Plaintiff Guerra is a resident of East Boston, Massachusetts. Guerra worked for the Defendants between approximately June of 2003 and September of 2004 ("Relevant Time Period").

11. Defendant Cleanco Maintenance Corp. ("Cleanco") is a corporation organized under the laws of Massachusetts with its principal place of business located in Watertown, Massachusetts.

12. Defendant J.L.D. Cleaning Services, Inc.("JLD") is a corporation organized under the laws of Massachusetts with its principal place of business located in Ashland, Massachusetts.

13. Defendant Robert Leone ("Leone") is the President, Treasurer, and Secretary of Cleanco Maintenance Corp. and resides in Ashland, Massachusetts.

14. Defendant Deborah Leone is the President, Treasurer and Secretary of J.L.D. Cleaning Services, Inc. and resides in Ashland, Massachusetts.

15. Defendants, acting under the name of Defendant Cleanco Maintenance Corp., contracted with numerous business in Massachusetts to provide janitorial and maintenance services for buildings housing numerous types of businesses engaged in interstate commerce.

16. Defendants regularly transacted business in this district during the Relevant Time Period.

17. During the Relevant Time Period, Defendants acted as a joint or single employer of Plaintiff and were an enterprise engaged in commerce as defined by the Fair Labor Standards Act ("FLSA") and administrative regulations interpreting the FLSA. Similarly, Defendants were an

employer subject to the Massachusetts wage and hour laws and administrative regulations interpreting those laws, specifically including the laws referenced in Counts II and III of this Complaint.

18. Accordingly, Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by those laws.

**Factual Allegations**

19. Plaintiff Guerra performed janitorial services for the Defendants.

20. Plaintiff filled out only one job application in order to perform janitorial services for the Defendants during the Relevant Time Period.

21. Plaintiff wore a Cleanco uniform when performing those janitorial services during the Relevant Time Period.

22. At all times during the Relevant Time Period, Guerra reported directly or indirectly to Defendant Leone.

23. Plaintiff received paychecks issued by JLD and Holt at the same time and at the same location as he received paychecks from Cleanco.

24. During much of the Relevant Time Period, Plaintiff performed janitorial services at the Saint Peter School ("Saint Peter") in Cambridge, Massachusetts. Although Saint Peter contracted with Cleanco and Leone for the provision of janitorial services, many of Plaintiff's paychecks were issued by Defendant JLD and Holt during this time period.

25. Plaintiff was not a salaried employee.

26. Plaintiff regularly did not receive time and one half his regular rate of pay when he worked more than forty hours in a workweek.

4

27. Plaintiff was never paid all wages due to him within seven days of the termination of the pay period during which those wages were earned.

28. To this day, Plaintiff has not been paid all wages he is owed for hours worked during the Relevant Time Period.

29. Plaintiff has not received any wages for hours worked in the final weeks of his employment.

30. In addition, on several days during the Relevant Time Period, Plaintiff was not paid any wages for the time spent traveling to and from locations where the janitorial services were performed after reporting for work at a central location, or returning to that central location, as required by Defendant.

### Count I – Fair Labor Standards Act Claim

31. Plaintiff re-alleges and incorporates by reference the above allegations.

32. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation at time and one-half his regularly hourly rate for hours worked in excess of forty hours during a workweek.

33. The Defendants' violations of 29 U.S.C. §207(a) were repeated, willful, and intentional.

34. Plaintiff has been damaged by said violations of 29 U.S.C. §207(a).

35. Pursuant to 29 U.S.C. §207(a) and §216(b) Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

### Count II – Massachusetts Overtime Law Claim

36. Plaintiff re-alleges and incorporates by reference the above allegations.

37. Defendants violated M.G.L. c. 151, §§ 1A and 1B by failing to pay Plaintiff overtime compensation at time and one-half his regular hourly rate, for all hours worked in excess of forty during any workweek.

38. Plaintiff has been damaged by said violations of M.G.L. c. 151, §§ 1A and 1B.

39. The Defendants' violations of M.G.L. c. 151, §§151 1A and 1B, were repeated, willful, and intentional.

40. Pursuant to M.G.L. c. 151, §§151 1A and 1B, Defendants are liable to the Plaintiff for treble damages, plus costs and reasonable attorneys' fees.

### Count III

41. Plaintiff re-alleges and incorporates by reference the above allegations.

42. Pursuant to M.G.L. c. 149, §150, the Attorney General of Massachusetts has assented in writing to the commencement of this Count by letter dated December 10, 2004.

43. The Defendants violated M.G.L. c. 149, §148 by failing to pay Plaintiff all wages earned within seven days of the termination of the pay period which those wages were earned.

44. The Defendants' violations of M.G.L. c. 149, §148, were repeated, willful, and intentional.

45. Plaintiff has been damaged by said violations of M.G.L. c. 149, §148.

46. Pursuant to M.G.L. c. 149, §150 and §148, Defendant is liable for treble damages plus costs and reasonable attorneys' fees.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA and award those damages against the Defendants in favor of Plaintiff, plus an additional equal amount as liquidated damages;

B.  Determine the damages sustained by Plaintiff as a result of Defendants' violations of M.G.L. c. 151 §§1A and 1B, and award those damages against the Defendants in favor of Plaintiff, including treble damages for uncompensated overtime and prejudgment interest.

C.  Determine the damages sustained by Plaintiff as a result of the Defendants' violations of M.G.L. c. 149, §148, and award those damages against the Defendants in favor of Plaintiff, including treble damages and prejudgment interest.

D.  Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses.

E.  Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

By his Attorneys,

Todd S. Heyman (BBO # 643804)
Lara Sutherlin (BBO # 651267)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
617-439-3939