UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GUSTAVO LEAL GUERRA,

          Plaintiff,

v.

CLEANCO MAINTENANCE CORP.,
J.L.D. CLEANING SERVICES, INC.,
ROBERT LEONE, and DEBORAH
LEONE,

          Defendants.

C.A. No. 04-12685-PBS

**PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 16.1**

The parties have conferred in accordance with Local Rule 16.1 (D), but Plaintiff's counsel has been unable to reach Defense counsel regarding the submission of the joint statement. Plaintiff's counsel has attempted unsuccessfully to contact Defense counsel both by email and telephone. As a result, Plaintiff submits the following statement to the Court. Attached as an exhibit is Plaintiff's certification pursuant to local rule 16.1(D)(3).

**I.**    **Plaintiff's Description of the Case**

Gustavo Leal Guerra is a resident of East Boston, Massachusetts who was employed by the Defendants to perform janitorial services. The Defendants are Robert Leone and Deborah Leone, husband and wife, and their corporate personae, Cleanco Maintenace Corp. ("Cleanco") and J.L.D. Cleaning Services, Inc. ("JLD"). Mr. Leone is the only corporate officer of Cleanco, and Mrs. Leone

is the only corporate officer of JLD.  Mr. Guerra regularly worked long hours for the Defendants but did not receive appropriate overtime compensation for all hours worked in excess of 40 in a workweek – as required by state and local law.  As described below in greater detail, Plaintiff claims damages for a series of practices in violation of the wage and hour laws.

    A.    **The Wage and Hour Violations**

First, Defendants had a practice of issuing multiple pay checks to Mr. Guerra for a single week's work.  Each paycheck provided compensation for an amount of hours not exceeding 40.  However, the total amount of hours covered by the checks issued in most weeks, taken together, did exceed 40 hours.  Nonetheless, Mr. Guerra did not receive overtime compensation.  For example, in the week of February 8, 2004, Mr. Guerra received one JLD paycheck for 20 hours and another JLD paycheck for 35 hours.  Although Mr. Guerra worked 55 hours that workweek, he did not receive overtime compensation (time and one half his hourly rate) for the 15 overtime hours.  The Defendants' issuance of multiple pay checks was an ineffective attempt to conceal the unlawful failure to pay overtime rates for overtime hours.

Second, in some weeks, Defendants issued multiple checks from the two different corporate Defendants, Cleanco and JLD.  Plaintiff contends that these companies were functioning as a single or joint employer under the wage and hour laws.  In these weeks, Defendants also did not pay overtime rates for hours worked over 40.  For example, in the week of August 17, 2003, Mr. Guerra received a Cleanco paycheck for 20 hours, and two JLD paychecks, one for 40 hours and one for 13 hours.  Although Mr. Guerra worked 73 hours that week, he did not receive overtime compensation (time and one half his hourly rate) for the 33 overtime hours.  Defendants abandoned this practice

(known as "double breasting") in July of 2004 because it was in direct violation of a collective bargaining agreement entered into by Defendant Cleanco.

Third, Mr. Guerra seeks overtime compensation for the period immediately following the Defendants' practice of double breasting (July–August 2004). In this period, Defendants issued the same total weekly payment to Mr. Guerra that they had previously issued – but now in the form of a single paycheck purporting to cover only 40 hours of work. However, Mr. Guerra continued to work 55 hours per week. This new paycheck was yet another attempt to conceal Defendants' unlawful refusal to pay overtime.

Fourth, Mr. Guerra was not provided any compensation for his final week of employment. Defendant refused to provide him with his final paycheck. To date, he has not received any wages for his final week of employment – let alone overtime wages.

Finally, during part of the relevant time period, Defendants refused to count hours spent traveling between Cleanco's office and the cleaning sites as work hours. This travel time is compensable because Mr. Guerra was required to report to the office before being transported to the worksite. Mr. Guerra seeks compensation for these hours as well.

**B.   Plaintiff's Description of the Disputed Legal and Factual Issues**

This is a relatively simple case. There are only two substantive legal questions. First, the parties dispute whether Defendants were acting as a single or joint employer under the wage and hour laws. Plaintiff believes this issue is readily susceptible to summary adjudication based on the payroll records alone. Those records demonstrate that Defendant JLD issued paychecks for cleaning services that were the subject of a contract between Cleanco and the Saint Peter School. However, in addition to those records, Mr. Guerra only filled out one job application, always wore a Cleanco

uniform, and reported (directly or indirectly) to Defendant Robert Leone only.  Indeed, Mr. Guerra did not even know Defendant Deborah Leone.  Plaintiff anticipates that further discovery will reveal that JLD and Deborah Leone were simply a sham operation used to conceal employees from the union and evade compliance with the wage and hour laws.[1]

Second, the Defendants dispute Plaintiff's right to recover liquidated or treble damages under the Fair Labor Standards Act and Massachusetts law.  Defendants' conduct readily satisfies the standards for the award of these damages.  In virtually every week he was employed by Defendants, he did not receive overtime compensation.  The fact that Defendants issued multiple paychecks for the same workweek is evidence of improper motive standing alone – sufficient to meet the legal standards for the award of liquidated or treble damages.

The other issues in this case are, by comparison, not significant.  There will most likely be some dispute as to the number of hours worked in Mr. Guerra's final weeks of employment – when Defendant's paychecks purport to cover a 40 hour week only.  A dispute is also likely regarding the number of travel time hours between the office and cleaning sites that went uncompensated.  However, the number of hours involved for each of these issue is minimal as compared to the overtime hours worked by Mr. Guerra which are not subject to dispute – hours for which Mr. Guerra did not receive any overtime compensation.

In sum, Plaintiff believes that the following three issues could be disposed of as a matter of law by the Court:

---

[1] In many workweeks, Defendants' own payroll records establish that Plaintiff worked over forty hours per week without receiving overtime compensation – *even when paychecks providing compensation for those hours were issued by a single Defendant corporation*.  This practice is also susceptible to summary adjudication.

(a) the legality of Defendants' practice of issuing multiple paychecks for a single workweek without paying overtime compensation for hours worked over 40;

(b) the "joint employer" issue; and,

(c) whether liquidated and/or treble of damages are appropriate.

Indeed, Plaintiff intends to file a motion promptly on the first two issues.

With respect to the treble damages issue, in order to avoid the cost and expense of summary judgment briefing, Plaintiff would be willing to waive his right to a jury and have the issue resolved by the Court, as with all other issues, in a short bench trial. Should the Defendant wish to proceed by jury trial, Plaintiff would request a summary judgment briefing schedule to resolve any legal issues that either party believes are susceptible to summary adjudication in advance of trial.

**C.    Proposed Discovery Schedule**

The parties have conferred and at least tentatively agreed on the following schedule for the Court's consideration.

(1) Service of Interrogatories and Document Requests by April 30, 2005

(2) Responses to Interrogatories and Document Requests by May 30, 2005

(3) Completion of Depositions by June 30, 2005

(4) Use of Local Rule 26.1(A) Cooperative Discovery to Stipulate as to Hours Worked, Wage Rates, and Other Undisputed Facts In Advance of Trial

(5) If Jury Trial, Summary Judgment Motions Due No Later Than July 14, 2005

(6) If Bench Trial, Local Rule 16.5 Pre-Trial Memorandum Due No Later Than July 14, 2005

(7) Pre-Trial Conference, Local Rule 16.5 Trial Brief, and Trial in August 2005

       Respectfully Submitted,

       <u>/s/ Todd S. Heyman</u>
       Todd S. Heyman (BBO#643804)
       Lara Sutherlin (BBO# 651267)
       Shapiro Haber & Urmy LLP
       53 State St.
       Boston, MA 02109
       617-439-3939

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GUSTAVO LEAL GUERRA,

                Plaintiff,

v.                                                                        C.A. No. 04-12685-PBS

CLEANCO MAINTENANCE CORP.,
J.L.D. CLEANING SERVICES, INC.,
ROBERT LEONE, and DEBORAH
LEONE,

                Defendants.

**CERTIFICATION OF PLAINTIFF GUSTAVO LEAL GUERRA
PURSUANT TO LOCAL RULE 16.1(D)(3)**

The undersigned counsel and Plaintiff hereby affirm to the Court that we have conferred in conformity with Local Rule 16.1(D)(3).

(1) We have conferred with a view to establishing a budget for the costs of conducting the full course–and various alternative courses–of the litigation; and,

(2) We have conferred to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Affirmed by:

_Gustavo Leal Guerra_ 3/1/05                    _Todd A. Heyman_ 3/1/05
Gustavo Leal Guerra                              Todd S. Heyman (BBO#643804)
                                                 Shapiro Haber & Urmy LLP
                                                 53 State St.
                                                 Boston, MA 02109
                                                 617-439-3939